UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MARK ATKINS,**

    Plaintiff,

v.                                                     Case No. 21-CV-1433

**HUDSON COUNTY CORRECTIONAL**
**CENTER/REHABILITATION CENTER,** *et al.*

    Defendants.

---

### ORDER

On March 24, 2023, *pro se* plaintiff Mark Atkins filed a motion requesting the court transfer this case to the United States District Court for the District of New Jersey. (ECF No. 15.) Atkins states that because he is *pro se* when he filed his complaint, he did not understand that the United States District Court for the Eastern District of Wisconsin was an inappropriate venue.

The court has discretion to transfer this case to another venue under §1404(a). *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 707 (7th Cir. 2020). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The court "'must evaluate both the convenience of the parties and various public-interest considerations.'" *Id.* at 708 (quoting *Atl. Marine Const. Co., Inc. v. U.S. District Court for the W. Dist. of Tex.,* 571 U.S. 49, 62 & n.6

(2013)). District courts must conduct a flexible analysis and consider factors such as docket congestion, the "likely speed to trial" in each forum, each forum court's "familiarity with the relevant law," the "desirability of resolving controversies in each locale," and "the relationship of each community to the controversy." *Id.* (quoting *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010)). The moving party has the burden of showing "that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986).

The court notes that all of the events in Atkins's complaint occurred in the United States District court for the District of New Jersey. Additionally, all potential John Doe defendants are likely to reside in that district as well as any potential witnesses. There is also no evidence that any potential defendants or witnesses reside in or have connections to the Eastern District of Wisconsin.

As such, it does not appear that this case has any connection to the Eastern District of Wisconsin. All relevant events occurred in the District of New Jersey, and all potential defendants and witnesses likely reside or work in the District of New Jersey. Thus, the District of New Jersey is the more convenient venue. The court grants the defendant's motion.

**IT IS THEREFORE ORDERED** that Atkins's motion to transfer venue to the United States District Court for the District of New Jersey (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is transferred to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

Dated at Milwaukee, Wisconsin this 31st day of March, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge