## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

MARK ATKINS,            :
                                :
          Plaintiff,       :     Civ. No. 23-1949 (MCA) (JRA)
                                :
      v.                     :
                                :
                                :
HUDSON COUNTY REHABILITATION  :
CENTER, et al.,          :
                                :     **MEMORANDUM & ORDER**
          Defendants.     :
                                :

---

This matter has been opened to the Court by a notice that Plaintiff's mail has been returned as undeliverable. (ECF No. 20.) For the reasons explained in this Memorandum & Order, the Court will administratively terminate this matter pursuant to L. Civ. R. 10.1 and provide Plaintiff with 30 days to update his address.

Although he was incarcerated at Hudson County Correctional Facility, Plaintiff filed his civil rights complaint in United States District Court for the Eastern District of Wisconsin. (See ECF No. 1.) The Magistrate Judge for the Eastern District of Wisconsin subsequently granted Plaintiff's IFP application and his request to transfer the matter to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). (ECF Nos. 13, 15-16)

On October 24, 2023, Plaintiff updated his address with the Clerk of the Court and asked the Clerk to issue summons. (ECF No. 18.) Plaintiff also asked this Court to move the case forward. (ECF No. 19.) The Clerk of the Court sent notice of these filings to Plaintiff at the address on file, but the notice was returned as undeliverable on November 17, 2023. (ECF No. 20.)

Pursuant to L. Civ. R. 10.1, an unrepresented party must update his or her address within seven days and file a notice with the Court. *See* L. Civ. R. 10.1(a) ("Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk."). Since his mail was returned as undeliverable on November 17, 2023, Plaintiff has not updated his address in compliance with L.Civ.R. 10.1, and it is not clear whether he intends to pursue this matter. At this time, the Court shall direct the Clerk of the Court to ADMINISTRATIVELY TERMINATE this matter pursuant to L. Civ. R. 10.1 because Plaintiff has not updated his address. If Plaintiff responds to this Order in writing within 30 days, the Court will reopen this matter for adjudication. If Plaintiff fails to respond to this Order within 30 days, this matter may be dismissed for failure to prosecute under Fed. R. Civ. P. 41.

**THEREFORE**, **IT IS,** on this 11th day of December 2023,

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** Civil Action Number 23-1949 pursuant to L. Civ. R. 10.1 at this time because Plaintiff has not updated his address; and it is further

**ORDERED** administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is timely reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriffs Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs ...."); and it is further

**ORDERED** that if Plaintiff responds to this Order in writing within 30 days, the Court will reopen this matter; and it is further

**ORDERED** that if Plaintiff fails to respond to this Order within 30 days, this matter may be dismissed for failure to prosecute under Fed. R. Civ. P. 41; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff at the address on file.

_____

Hon. Madeline Cox Arleo
United States District Judge