UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK ATKINS,<br><br>    Plaintiff,<br><br>v.<br><br>HUDSON COUNTY REHABILITATION CENTER,<br><br>    Defendants. | Civil Action No. 23-1949 (MCA)<br><br>MEMORANDUM OPINION |

This matter has been opened to the Court by Mark Atkins' filing of a civil complaint. ECF No. 1. For the reasons explained in this Memorandum Opinion, the Court reopens this matter, dismisses the complaint pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B), and provides Plaintiff with leave to submit an amended complaint within 45 days.

Atkins' complaint alleges civil rights violations arising from his incarceration at Hudson County Correctional Center in Kearny, New Jersey. *See* ECF Nos. 1, 1-1. For reasons that are not clear, Plaintiff submitted his complaint and application to proceed *in forma pauperis* ("IFP application") in the U.S. District Court for the Eastern District of Wisconsin. *See id.* On January 19, 2023, the District Court for the Eastern District of Wisconsin granted Plaintiff's IFP application. ECF No. 13. On March 24, 2023, Plaintiff filed a motion to have this matter transferred to the U.S. District Court for the District of New Jersey, and, on March 31, 2023, the District Court for the Eastern District of Wisconsin granted the motion to change venue and transferred this matter to the District of New Jersey. ECF Nos. 15-16.

On October 24, 2023, prior to the Court's screening of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), Plaintiff requested that this Court issue summons. ECF No. 19. The

1

Clerk's Office sent a copy of that filing to Plaintiff, but the mail was returned as undeliverable on November 17, 2023. ECF No. 20. This Court administratively terminated the action pursuant to L. Civ. R. 10.1 on December 11, 2023, and provided Plaintiff with 30 days to update his address. ECF No. 21. On December 12, 2023, Plaintiff registered to receive electronic notifications. ECF No. 22. At this time, the Court reopens this matter and screens the complaint for dismissal under § 1915(e)(2)(B).

Plaintiff names Hudson County Rehabilitation Center[1] and Hudson County Rehabilitation Center Medical Staff as Defendants in his complaint. Plaintiff alleges that he contracted COVID-19 on October 22, 2021, and was not provided any "medical remedies" during his 10-day quarantine despite his complaints. Complaint at 5. Plaintiff does not provide any facts regarding the medical attention he needed or identify any particular medical staff who denied him care. Plaintiff alleges, however, that he had breathing problems, bone aches, and numbness in his right leg as a result of the COVID-19 infection. *Id.* at 7.

Plaintiff also alleges that medical staff housed him in an "unsanitized" unit and cell during the 10-day quarantine with 30 other inmates. *Id.* Plaintiff provides no other facts about his conditions of confinement during the 10-day quarantine period.

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such

---

[1] The Court assumes for purposes of this opinion that Plaintiff is suing Hudson County Correctional Center, the medical staff at Hudson County Correctional Center, and the County of Hudson.

2

relief. *See* 28 U.S.C. § 1915(e)(2)(B). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the pleading stage, the Court accepts the facts alleged in the pro se complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations, however, do not suffice. *Iqbal*, 556 U.S. at 678.

Plaintiff alleges violations of his civil rights under 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or the laws of the United States committed by a person acting under the color of state law." *Natale v. Camden Cnty. Correctional Facility*, 318 F.3d 575, 580–81 (3d Cir. 2003) (citations omitted). From the outset, the Court dismisses with prejudice Plaintiff's claims against Hudson County Rehabilitation Center because a county jail is not a "person" subject to liability under § 1983. *Beaver v. Union County*, Pennsylvania, 619 F. App'x 80, 83 (3d Cir. 2015) (per curiam).

Plaintiff may be attempting to assert claims against the County of Hudson ("the County"), pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). In that decision, the Supreme Court recognized that while local government units can be liable under § 1983, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*,

3

436 U.S. at 691. Thus, a local government cannot be held liable for "an injury inflicted solely by its employees or agents." *Id.* at 694. A § 1983 claim against a municipality may proceed in two ways. *See Estate of Roman v. City of Newark*, 914 F.3d 789, 798–99 (3d Cir. 2019). A plaintiff may allege that an unconstitutional policy or custom of the municipality led to his or her injuries, *id.* at 798 (citing *Monell*, 436 U.S. at 694), or that his injuries were caused by a failure or inadequacy by the municipality that "reflects a deliberate or conscious choice."[2] *See id.* (internal quotation marks omitted) (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001)); *see also Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (explaining that the second type of *Monell* claim involves failures to train, supervise, or discipline).

Plaintiff could state a *Monell* claim by alleging facts showing that the County had a relevant policy or custom and that policy or custom was the moving force behind the constitutional violation or violations. *See, e.g., Natale*, 318 F.3d at 583–84 (citing *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)). Under this theory, Plaintiff must identify a specific policy or custom of the County that caused the constitutional violation at issue and must typically allege a pattern of similar past conduct to show that the County was on notice that the policy or custom caused the alleged violation. *See, e.g., Schlaybach v. Berks Heim Nursing & Rehabilitation*, 839 F. App'x 759, 760 (3d Cir. 2021) (affirming dismissal of *Monell* claim where Plaintiff did not sufficiently allege that County hospital had a history of providing inadequate care to nursing home residents after they fall or was otherwise indifferent to their post-fall medical needs and failed to allege a pattern of prior incidents evidencing deliberate

---

[2] The same standard applies to suits against a private corporation providing medical services under contract with a prison system. *See, e.g., Palakovic v. Wetzel*, 854 F.3d 209, 232 (3d Cir. 2017); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

indifference). Alternatively, Plaintiff could state a *Monell* claim by alleging a failure to supervise, train, or discipline its employees and must provide facts showing that the failure amounts to deliberate indifference to the constitutional rights of those affected. *Forrest*, 930 F.3d at 106.

Here, Plaintiff has not provided any facts to suggest that a specific policy or custom of the County caused any violations of his constitutional rights or that the County was on notice through a pattern of prior violations. Nor has he alleged deliberate indifference by the County through its failure to train, supervise, or discipline its employees. As such, the Court dismisses without prejudice any potential § 1983 claims against the County of Hudson.

The Court next addresses the claims against the Hudson County Rehabilitation Center Medical Staff. As a pretrial detainee, Plaintiff's right to adequate medical care arises under the Due Process Clause of the Fourteenth Amendment. *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 581 (3d Cir. 2003). In order to state a claim for relief, Plaintiff must show a "(1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need." *See Natale*, 318 F.3d at 582 (cleaned up). Plaintiff appears to allege that medical staff generally denied him adequate medical care after he contracted COVID-19 and acted with deliberate indifference to the dangers presented by COVID-19 or Plaintiff's particular vulnerability to COVID-19. *See Hope v. Warden York County Prison*, 972 F.3d 310, 329 (3d. Cir. 2020) (recognizing that immigration detainees could assert claims of deliberate indifference based on their vulnerabilities to COVID-19 due to their ages or medical conditions); *Palakovic v. Wetzel*, 854 F.3d 209, 224 (3d Cir. 2017) (discussing particular vulnerability to suicide due to mental health conditions); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582–83 (3d Cir 2003) (finding that medical professional's denial of insulin to insulin-dependent diabetic could amount to deliberate indifference). Although a detainee's

5

particular medical vulnerability coupled with detention conditions can create a substantial risk of harm, *see Palakovic*, 854 F.3d at 226, deliberate indifference requires significantly more than negligence. *County of Sacramento v. Lewis*, 523 U.S. 833, 849–50 (1998). Moreover, "mere disagreement" as to the response to the risk to a plaintiff in light of their medical condition will not support constitutional infringement. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).

Here, Plaintiff alleges that he suffered aching bones, numbness in his right leg, and breathing problems as a result of a COVID-19 infection in October 2021, and he vaguely alludes to complaints he made to unidentified medical staff about his care. These facts, without more, do not suggest that Plaintiff faced a substantial risk of harm from COVID-19 or that particular medical staff members acted with deliberate indifference to that risk. Moreover, Plaintiff does not sufficiently allege that any particular staff members knew that he needed medical attention for his COVID-19 symptoms and denied him care. In this regard, the Court notes that Plaintiff does not differentiate among the medical staff members and fails to identify any particular medical staff members as John and/or Jane Doe defendants. For these reasons, the Court dismisses without prejudice the deliberate indifference claims against the Hudson County Rehabilitation Medical Staff.

The Court also liberally construes Plaintiff to allege that his confinement in an "unsanitized" quarantine unit and cell for a 10-day period amounts to punishment. The Court assumes without deciding that Plaintiff was a pretrial detainee at the time he was incarcerated at Hudson County Correctional Center. Pursuant to *Bell v. Wolfish*, 441 U.S. 520, 549 (1979), detainees may not be punished before they are adjudicated guilty. *Hubbard v. Taylor* 538 F.3d 229, 231 (3d Cir. 2008) (*Hubbard II*). The touchstone for the constitutionality of detention is

whether conditions of confinement are meant to punish or are "but an incident of some other legitimate governmental purpose." *Hubbard II*, 538 F.3d at 232 (quoting *Bell*, 441 U.S. at 538). "[T]he ultimate question" is whether conditions are "reasonably related to a legitimate governmental objective." *Id.* at 236 (quoting *Bell*, 441 U.S. at 549). The Third Circuit instructs courts to consider the totality of the circumstances of confinement, including any genuine privations or hardship over an extended period of time, and whether conditions are (1) rationally related to their legitimate purpose or (2) excessive in relation to that purpose. *Hope*, 972 F.3d at 326 (citation omitted);[3] *see also Union Cnty. Jail Inmates v. DiBuono*, 713 F.2d 984, 995–96 (3d Cir. 1983) (though double-bunking involved cramped, crowded cells for sleeping, it was not punishment because it eliminated floor mattresses and permitted more recreational space).

Here, Plaintiff briefly states that the unit and cell where he spent his 10-day quarantine were "unsanitized[.]" Even assuming the truth of this allegation, Plaintiff has not stated a claim for relief. First, he has not identified the person or persons who are responsible for the conditions about which he complains. Second, Plaintiff's allegation that his cell and unit were "unsanitized" is conclusory, and the Court is unable to assess the extent of the unsanitary conditions he experienced during his 10-day quarantine. For these reasons, the Court dismisses without prejudice Plaintiff's conditions of confinement claim.

---

[3] In *Hope v. Warden York County Prison*, which involved habeas claims brought by immigration detainees confined at the beginning of the COVID-19 pandemic, the Third Circuit warned against making "ideal" conditions, such as the ability to socially distance, a "*sine qua non* of constitutional detention." *Id.* at 327. The Third Circuit reiterated that the "touchstone for the constitutionality of detention is whether conditions of confinement are meant to punish or are 'but an incident of some other legitimate governmental purpose.'" *Id.* at 326 (quoting *Hubbard II*, 538 F.3d at 232).

Finally, it is possible that Plaintiff seeks to bring state law claims for relief. A District Court has discretion to "decline to exercise supplemental jurisdiction over a claim ... if ... (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court dismisses the § 1983 claims over which it had original jurisdiction, it declines supplemental jurisdiction over any state law claims at this time.

In conclusion, the Court dismisses the federal claims at screening pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B). The § 1983 claims are dismissed with prejudice as to the Hudson County Rehabilitation Center for failure to state a claim for relief. The remaining § 1983 claims are dismissed without prejudice under § 1915(e)(2)(B) for failure to state a claim for relief. The Court declines supplemental jurisdiction over any potential state law claims. Plaintiff may submit an amended complaint within 45 days to the extent he can cure the deficiencies in his federal claims.[4] An appropriate order follows.

January 10, 2024

Madeline Cox Arleo, District Judge
United States District Court

---

[4] If Plaintiff chooses to submit an amended complaint, that complaint should be all-inclusive as it will replace his original complaint.